IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
TRINA KAY VIER,                    )
                                   )   2:10-cv-02838-GEB-DAD
          Plaintiff,               )
                                   )
     v.                            )   ORDER
                                   )
UNITED STATES OF AMERICA;          )
COURTNEY A. BAILEY, M.D.; AND      )
DOES 1 through 20 inclusive,       )
                                   )
          Defendants.              )
_____  )
```

This case was removed from state court. After removal, Plaintiff and Defendant the United States of America dismissed Plaintiff's medical negligence claim against the United States under Federal Rule of Civil Procedure 41, "for lack of jurisdiction" since Plaintiff failed to exhaust administrative remedies. (Stipulation of Dismissal of Pl.'s Claims Against the United States of Am. for Lack of Jurisdiction 2:1-8.) Therefore, the only remaining claim in this case is Plaintiff's medical negligence claim against Defendant Courtney A. Bailey, M.D.

Although neither party raises the question of this Court's jurisdiction over Plaintiff's remaining claim, "it is our responsibility as a court of limited jurisdiction to ensure that we have subject matter jurisdiction before proceeding further." Sarei v. Rio Tinto, PLC, 487 F.3d 1193, 1200 (9th Cir. 2007). "The remand statute, 28 U.S.C. §

1 | 1447(c), requires a district court to remand a removed 'case' to state court '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" Lee v. Am. Nat. Ins. Co., 260 F.3d 997, 1006 (9th Cir. 2001); see also Int'l Union of Operating Eng'rs v. Cnty. of Plumas, 559 F.3d 1041 (9th Cir. 2009) (finding lack of subject matter jurisdiction in case removed to federal court and ordering remand to state court).

Here, Plaintiff's medical negligence claim against Bailey is based on state law, and Plaintiff's Complaint does not indicate there is diversity of citizenship between Plaintiff and Bailey. Therefore, the federal court lacks subject matter jurisdiction over this case, and the case is remanded to the San Joaquin County Superior Court in California, from which it was removed.

Dated: January 13, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge